**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**MAY 1998 SESSION**

FILED

**October 2, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 02C01-9708-CC-00296** |
| Appellee, | ) | |
| | ) | **HENRY COUNTY** |
| VS. | ) | |
| | ) | **HON. JULIAN P. GUINN,** |
| **SARA LEIGHANE WISDOM,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Aggravated Burglary and Theft |
| | ) | (over $1,000)) |

FOR THE APPELLANT:

FOR THE APPELLEE:

**VICKI H. HOOVER**
123 N. Poplar St., Suite A
Paris, TN 39242

**JOHN KNOX WALKUP**
Attorney General & Reporter

**MARVIN E. CLEMENTS**
Asst. Attorney General
John Sevier Bldg.
425 Fifth Ave., North
Nashville, TN 37243-0493

**ROBERT "GUS" RADFORD**
District Attorney General

**TODD A. ROSE**
Asst. District Attorney General
P.O. Box 686
Huntingdon, TN 38344

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

**O P I N I O N**

Following a jury trial in March 1997, the defendant was convicted of one count of aggravated burglary, which is a Class C felony, and one count of theft of property over one thousand dollars ($1,000), which is a Class D felony. The jury assessed a fine of five thousand dollars ($5,000) for the burglary conviction and a fine of three thousand dollars ($3,000) for the theft conviction. The trial court sentenced the defendant to three years for the aggravated burglary conviction, one year in confinement and the balance on Community Corrections. For the theft conviction, the defendant was sentenced to two years, one year in continuous confinement and the balance on Community Corrections. The sentences were ordered to run concurrently with one another.

On appeal, the defendant argues that the trial court erred in ordering her to serve an excessive sentence; that the trial court erred in denying a sentence alternative to confinement; that the trial court erred in allowing the district attorney to question her about a past misdemeanor record she claims has been expunged; and that the trial court erred in failing to grant her a judgment of acquittal. After a careful review of the record, we affirm the defendant's convictions and sentences.

Roy Futrell returned home from work on June 21, 1996, to discover that someone had broken into his residence and stolen many of his personal belongings, primarily his guns. Mr. Futrell called the Henry County Sheriff's Department and William Vandiver, an investigator with that department, came to his home where he gave Vandiver an inventory of the items taken.

Steven Wisdom, the defendant's husband at the time, and Glen Axley, Steven Wisdom's friend, discussed before the burglary how they needed extra money, so they decided to break into the Futrell home. Steven Wisdom had dated Mr. Futrell's

stepdaughter and had previously been inside the home. The defendant had worked with Mr. Futrell and had known his stepdaughter as well. Consequently, they knew that there were guns inside the home and what hours Mr. Futrell worked.

As her husband and Axley went inside the home to get the belongings, the defendant drove the car and parked it out of the sight of passersby. When the two had gotten the property, the defendant pulled up to the residence to pick them up and then drove to outside Paris, Tennessee. Mr. Wisdom then drove the car to their home in Henry County.

The two men decided to pawn the guns. According to the testimony of one of the pawn shop owners, the defendant and her husband came to his pawn shop in Martin, Tennessee, and pawned two guns. The three split the money, but Mr. Wisdom testified that he kept the defendant's share of the money. They then went to Dover, Tennessee, where Axley pawned another gun and split the proceeds with the defendant and her husband. They then traveled to Clarksville, Tennessee, where they went out to eat with the money, and the defendant and her husband each used some of the money to get tattoos. The guns that were pawned in Martin and Dover were later recovered.

The defendant voluntarily spoke with the Benton County Sheriff's Department, confessed her role in the crimes, and implicated her codefendants in the crimes. At trial, the defendant testified that she was forced by her husband to participate in the crimes. She also testified that she was afraid of her husband and that he had been violent with her in the past.

Before addressing the issues before us, we are compelled to address what we consider an inadequate brief from defense counsel. The defendant's one- and one-half-page brief is almost identical to another brief filed in this Court by defense counsel.

3

This probably explains why defense counsel was incorrect in her assertion in the case sub judice that the sentencing of the defendant occurred immediately after the trial: that was correct in the other case in which counsel filed a brief with this Court. In the instant case, the record reflects the trial was held on March 24, 1997, and the sentencing hearing on April 9, 1997, sixteen days later. Moreover, the defendant's brief states that there are four issues on appeal, but then lumps these four issues into two scant sections, without any reference to the record, hardly any citations to authority, and an incorrect statement regarding sentencing. Although we have held that a defendant's failure to adequately brief issues resulted in waiver of those issues, we will, in this case, address the issues before us. However, we admonish defense counsel for the inadequate brief filed in this Court.

Because the defendant's first two issues relate to sentencing, we will address those together. The defendant contends that her sentence is excessive and that the trial court erred by not considering an alternative sentence such as probation. She also claims that the trial court "refused to allow counsel to prepare for a sentencing hearing, which the Trial Judge conducted immediately after the conclusion of the trial."

When a defendant challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determinations made by the trial court are correct. T.C.A. § 40-35-401(d). However, this presumption is conditioned on an affirmative indication in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The defendant bears the burden of showing that the sentence was improper. Id. In determining whether the defendant has met this burden, this Court must consider (a) the evidence adduced at trial and the sentencing hearing; (b) the

4

presence report; (c) the principles of sentencing; (d) the arguments of counsel; (e) the nature and characteristics of the offense; and (f) the defendant's potential or lack of potential for rehabilitation or treatment. T.C.A. §§ 40-35-103(5), 40-35-210(b).

The defendant insists that she should have received probation. However, we note that although the trial court found the defendant to be entitled to the presumption of alternative sentencing, she, not the State, has the burden of establishing suitability for full probation. T.C.A. § 40-35-303(b). To meet this burden, the defendant must illustrate how probation will "subserve the ends of justice and the best interest of both the public and the defendant." State v. Bingham, 910 S.W.2d 448, 456 (quoting State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)).

The trial court sentenced the defendant to the minimum sentence for both the aggravated burglary conviction and the theft conviction. Although the trial court recognized that the defendant was presumed to be a favorable candidate for alternative sentencing, it concluded that split confinement would be in the best interest of not only the public but also the defendant. The trial court based its decision to impose split confinement on several factors, including the circumstances of the offense, the defendant's willingness to lie, and her failure to accept responsibility for her actions. The trial court's decision to impose split confinement was also based on its desire to provide a deterrence and to avoid depreciating the seriousness of the crimes committed.

For a trial court to deny an alternative sentence based on the seriousness of the offense, the circumstances of the offense "'must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree,' and the nature of the offense must outweigh all factors favoring a sentence other than confinement." Bingham, 910 S.W.2d at 454 (quoting State v. Hartley, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991)). The trial court's denial of an alternative sentence

5

based on the seriousness of the offense under T.C.A. § 40-35-103(1)(B), can only be upheld if the Hartley conditions are in the record. Here, the trial court reasoned that the offense in this case was serious because guns were stolen. Although we agree that the theft of guns is serious, the record does not indicate that the Hartley conditions are met in this case.

The other factors relied upon by the trial court, however, fully support the sentences imposed in this case. The trial court observed that the defendant "exhibit[ed] an arrogant willingness to tell anything any way which seem[ed] to best benefit her at the moment," referring to the confusion regarding the defendant's theft conviction in Benton County, which the defendant contends had been expunged. As the district attorney and the trial court noted, however, nothing in the record indicated that the conviction had actually been expunged. The trial court relied even more heavily on the fact that the defendant remained unable to take responsibility for her actions in committing the instant crimes. This finding, which is supported by the record, has bearing on the rehabilitative potential of the defendant. Moreover, under the circumstances of this case, we agree with the trial court that the theft of guns is a serious offense, that confinement would provide a deterrence, and that some period of confinement is necessary to avoid depreciating the seriousness of the offenses committed by the defendant. Accordingly, the defendant's sentences are affirmed.

Next, the defendant argues that the trial court erred in allowing the district attorney to question her about her prior criminal history. She argues that her past misdemeanor record had been expunged so the district attorney should not have questioned her during trial about that prior conviction. She further insists that the trial court's manner toward her was prejudicial and harsh.

The record indicates that approximately a month before the trial, the district

6

attorney filed notice of his intent to use the Benton County theft conviction to impeach the defendant should she testify. The record also indicates that defense counsel referred to the Benton County theft conviction herself during her opening statement to the jury: "[W]hile she [the defendant] was in jail, awaiting a hearing in Benton County, which you'll also hear testimony of that, she was later--her charge was dismissed and her record was expunged in Benton County." Furthermore, counsel refers to the defendant's prior charge in Benton County at several other times during her examination of witnesses. The defendant "opened the door" regarding the theft conviction in Benton County, so she cannot now complain that the State questioned her about that conviction. Moreover, the record is devoid of evidence that the trial court treated her in a harsh or prejudicial manner. The defendant's arguments on this point lack merit.

Our last issue for review is whether the trial court erred by denying her motion for a judgment of acquittal. A person commits aggravated burglary by entering a habitation without the consent of the property owner, but with the intent of committing a felony, theft, or assault. T.C.A. §§ 39-14-402(a)(1), 39-14-403(a). A person commits theft of property if he or she knowingly obtains or exercises control over the property without the owner's effective consent, but with the intent to deprive the owner of property. T.C.A. § 39-14-103.

The defendant argued at trial that she waited in the car and never entered Mr. Futrell's home. In the indictment, the defendant was charged as a codefendant. Later, the district attorney filed notice for a jury instruction to be given for criminal responsibility for conduct of another. Sufficient notice of criminal liability based upon the conduct of another was satisfied. See State v. Barnes, 954 S.W.2d 760 (Tenn. Crim. App. 1997).

Moreover, the evidence adduced at trial indicates that the defendant drove

7

her codefendants to Mr. Futrell's home and waited, out of sight, while they removed Mr. Futrell's possessions from his home without his permission. The defendant then drove them from the scene, accompanied her two codefendants to at least one pawn shop, and obtained a one-third share of the money received for the stolen goods, which she used to treat herself to a dinner and a tattoo. This evidence, when viewed in the light most favorable to the State, is sufficient to affirm the defendant's convictions. See, e.g., State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983); State v. Banes, 874 S.W.2d 73, 78 (Tenn. Crim. App. 1993).

Accordingly, the defendant's convictions and sentences are affirmed.


_____
JOHN H. PEAY, Judge


CONCUR:


_____
PAUL G. SUMMERS, Judge


_____
THOMAS T. WOODALL, Judge